# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY BRYANT EAVES, )<br>                Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MARK SHOLEK, Correctional Officer; )<br>MONICA C., Psychologist, Medical )<br>Department; KEEFE (Commissary); )<br>ARAMARK (Commissary); DEPUTY )<br>FAULDS; BAILIFF DEPUTY; )<br>ALLEGHENY COUNTY JAIL; )<br>SHERIFF WILLIAM MULLEN, )<br>                Defendants. ) | Civil Action No. 13-409<br>Judge Nora Barry Fischer<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

Anthony Bryant Eaves ("Plaintiff") is currently incarcerated in the State Correctional Institution at Graterford ("SCI-Graterford"). Plaintiff was convicted of various crimes in the Allegheny County Court of Common Pleas and sentenced to serve 4 to 8 years. Plaintiff claims that his Constitutional rights were violated by various defendants at the Allegheny County Jail ("ACJ") in June, 2008. Because Plaintiff did not commence the present action until at the earliest, March 8, 2013, the date on which he signed his defective Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), the Complaint is barred by the applicable two year statute

of limitations.  As such, the Complaint should be dismissed prior to being served pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA").

A.  **RELEVANT PROCEDURAL AND FACTUAL HISTORY**

At the time of the initiation of this civil action, Plaintiff was a prisoner.  Plaintiff is proceeding *pro se*.  Although Plaintiff filed an IFP Motion, ECF No. 1, he paid the entire filing fee.  ECF No. 5.  Thereafter, Plaintiff filed an Amended Complaint.  ECF No. 12.

The Amended Complaint was filed on the pre-printed form complaint sent by the Clerk's Office to prisoners who seek to file pro se civil actions.  The form complaint asks for the date of the event giving rise to the civil action and Plaintiff responded to the question with "June 2008" and noted that the events took place at the ACJ and at Presbyterian University Hospital.  ECF No. 12 at 2, ¶IV.A.  Notwithstanding the foregoing, Plaintiff complains of being assaulted by Defendant, Deputy Faulds on March 27, 2007 more than one year prior to June, 2008.  Id., at 3. Plaintiff also provides a laundry list of seemingly unconnected occurrences at ACJ, including the following:  Defendant ACJ Corrections Officer Sholek allegedly accused Plaintiff of stealing candy from white prisoners; Plaintiff's walkman radio was unaccounted for; the allegedly unconstitutional seizure of Plaintiff's gold Cadillac Sedan Deville; Plaintiff allegedly had $40.00 and his brand new Nike shoes taken from him by Corrections Officer Rittko and never returned; Plaintiff was served poisoned food; Plaintiff was given false misconducts; Plaintiff was wrongfully held in the Disciplinary Housing Unit;  Plaintiff did not receive his commissary order in June 2008 from Keefe Commissary nor did he receive a refund and; Aramark failed to refund Plaintiff $100 from 2006 to 2007.

## B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F.App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F.App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions.").

3

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the Complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the

complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. DISCUSSION**

The Amended Complaint should be dismissed because it is time-barred.

Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in the Amended Complaint, because Plaintiff is seeking to vindicate his constitutional rights (see, e.g, ECF No. 12 at 2, ¶ III, claiming violations of the Fourth, Fifth and Eighth Amendments) and because he does not have a cause of action directly under the Constitution of the United States, a liberal reading of the Complaint requires the court to construe it as one invoking the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an

implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, the Court construes the current civil action as alleging a cause of action under Section 1983.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985), *overruled by statute on other grounds as recognized in*, Hurst v. Trader, 223 F. App'x 128, 131 (3d Cir. 2007). Because of this, the courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate State. Wilson v. Garcia, 471 U.S. at 267 to 275. The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint or from matters of which judicial notice may be had. See, e.g., Mumma v. High-Spec, 400 F. App'x 629, 631 n.1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001).

6

In the case at issue, we conclude that the statute of limitations defect is apparent on the face of the Amended Complaint as well as from matters that can be judicially noticed. First, Plaintiff did not "file"[2] his IFP Motion, which would stop the running the of the statute of limitations,[3] until, at the earliest, March 8, 2013, *i.e.*, more than four years after the latest alleged wrongs were perpetrated in June 2008 by the Defendants at the ACJ . Second, we take judicial notice of the fact that Plaintiff filed another lawsuit, namely, Eaves v. Thomas, No. 2:13-cv-1111 (E.D. Pa. filed 3/1/13), wherein he makes claims relative to his conditions of confinement. The filings in that case indicate that Plaintiff has been continuously incarcerated there at SCI-Graterford since at least July 2009. Thus, it is clear from the face of the Amended Complaint and judicially noticed matters that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations. Accordingly, the action should be dismissed before service for failing to state a claim upon which relief can be granted, given that the statute of limitations bars the suit.

---

[2] Plaintiff's IFP Motion was not signed until March 8, 2013, ECF No. 1 at 1, which is the earliest this Court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period even counting from July, 2009, the date on which we know Plaintiff was no longer housed at ACJ. See Cromwell v. Keane, 27 F. App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[3] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

## III. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed pre-service for failure to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                 Respectfully submitted,

                                                 s/Maureen P. Kelly
                                                 MAUREEN P. KELLY
                                                 UNITED STATES MAGISTRATE JUDGE

Date:   August 20, 2013

cc:      The Honorable Nora Barry Fischer
        United States District Judge

        Anthony Bryant Eaves
        HQ-8061
        SCI Graterford
        Box 244
        Graterford, PA 19426-0426